IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCINE ROMO,

      **Plaintiff,**

v.                                                                                                           No. 14-cv-1037 SMV

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

      THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supportive Memorandum [Doc. 14] ("Motion"), filed on June 18, 2015. The Commissioner responded on September 11, 2015. [Doc. 19]. Plaintiff replied on October 27, 2015. [Doc. 22]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 7]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") erred in rejecting the opinion of Plaintiff's treating physician, Dr. Black. Accordingly, the Motion will be granted. *See* 42 U.S.C. § 405(g) (sentence four). Because proper evaluation of Dr. Black's opinion may render moot Plaintiff's other arguments, the Court declines to address them at this time.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Id.*

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on November 1, 2010. Tr. 14. She alleged a disability-onset date of July 1, 2006. *Id*. Her claim was denied initially and on reconsideration. *Id*. Plaintiff requested a hearing before an ALJ. *Id*. On May 29, 2013, ALJ Ann Farris presided over a hearing in Albuquerque, New Mexico. Tr. 14, 24. Plaintiff appeared in person with her attorney. Tr. 14, 24–26. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE") Judith Beard. Tr. 14, 24–49.

The ALJ issued her unfavorable decision on July 16, 2013. Tr. 14–22. She found that Plaintiff met the insured status requirements of the Act through December 31, 2009, i.e. the date last insured ("DLI"). Tr. 16. Then, at step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date and her DLI. *Id.* Accordingly, the ALJ proceeded to step two, where she found that Plaintiff suffered from the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, with mild to moderate stenosis." Tr. 16–18. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 18.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 18–21. The ALJ found that through the DLI, "[Plaintiff] had the [RFC] to perform light work as defined in 20 [C.F.R. §] 404.1567(b) with the following limitations: she can occasionally climb, balance, stoop, kneel, crouch, and crawl." Tr. 18.

At step four, the ALJ found that Plaintiff was able to return to her past relevant work as a cashier/checker. Tr. 21. Having found that Plaintiff could return to her past relevant work, the

ALJ was not required to proceed to the fifth step.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim.  Tr. 22.  The Appeals Council denied Plaintiff's request for review on September 12, 2014. Tr. 1−3.  Plaintiff timely filed the instant action on November 14, 2014.  [Doc. 1].

## Analysis

Plaintiff contends that the ALJ erred in rejecting the opinion[3] of her treating physiatrist,[4] Pamela O. Black, M.D.  [Doc. 14] at 6, 13–15; [Doc. 22] at 1–2.  On August 9, 2011, Dr. Black provided a retrospective medical opinion about Plaintiff's functional limitations "from 2005 to the current examination."  Tr. 423–24.  Dr. Black assessed more restrictive physical limitations than the RFC ultimately adopted by the ALJ.  *Compare* Tr. 423 (Dr. Black's opinion), *with* Tr. 18 (ALJ's RFC).[5]  The Commissioner argues that the ALJ properly accorded the opinion no weight.  [Doc. 19] at 5–8.  Plaintiff is correct.  The ALJ rejected Dr. Black's opinion for two reasons.  One reason was not supported by substantial evidence, and the other was legally insufficient.  Therefore, remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical

---

[3] Although Dr. Black gave her opinion about Plaintiff's physical and mental limitations, the Court addresses only her opinion as to the physical limitations at this time.  On remand, proper evaluation of Dr. Black's opinion about Plaintiff's physical limitations may render moot the dispute about her mental limitations.

[4] "Physiatrists, or rehabilitation physicians, are nerve, muscle, and bone experts who treat injuries or illnesses that affect how you move." *What is a Physiatrist?*, AMERICAN ACADEMY OF PHYSICAL MEDICINE AND REHABILITATION, https://www.aapmr.org/patients/aboutpmr/Pages/physiatrist.aspx (last visited November 10, 2015).  "These specialists treat any disability resulting from disease or injury involving any organ system.  The focus is not on one part of the body, but instead on the development of a comprehensive program for putting the pieces of a person's life back together—medically, socially, emotionally, and vocationally—after injury or disease." *What is the scope of the rehabilitation physician's practice?*, AMERICAN ACADEMY OF PHYSICAL MEDICINE AND REHABILITATION, https://www.aapmr.org/patients/aboutpmr/Pages/FAQs.aspx (last visited November 10, 2015).

[5] Dr. Black additionally assessed some mental limitations, which likewise were more restrictive than the RFC adopted by the ALJ, which contained no mental limitations.  *Compare* Tr. 424 (Dr. Black's opinion), *with* Tr. 18 (ALJ's RFC).

evidence and are consistent with the record.  20 C.F.R. § 404.1527(c)(2).  This is known as the "treating physician rule."  *Langley*, 373 F.3d at 1119.  The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight.  *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

In order to receive controlling weight, treating physician opinions must be both supported by medical evidence and consistent with the record.  If not, the opinions may not merit controlling weight but still must be given deference and weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. § 404.1527(c).  However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary.  What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight she ultimately assigns to the opinions.  *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. § 404.1527(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two phases.  First, the ALJ must find that the opinion is not supported by medical evidence and/or is

not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

In this case, the ALJ's findings do not sustain her outright rejection of Dr. Black's opinion. At the first phase (although she did not refer to it that way), the ALJ found that Dr. Black's opinion was "without substantial support from the other evidence of record." Tr. 20. At the second phase, she found that Dr. Black's opinion "was rendered well after the period at issue" (i.e., on or before the DLI of December 31, 2009). *Id.* For these reasons, she accorded "no weight" to the opinion.[6] *Id.*

The ALJ's rejection of the opinion based on its timing is insufficient. Dr. Black treated Plaintiff prior to the expiration of her insured status on December 31, 2009. Tr. 505–73. Although Dr. Black drafted her report in 2011, it expressly applies to the time period at issue. Tr. 423−24 ("medical history and chronicity of findings from 2005 to [2011]"). Therefore, the timing of Dr. Black's opinion cannot be said to detract from its weight, and the ALJ's finding to the contrary is not supported by substantial evidence.

Moreover, even if a treating opinion does not expressly apply to the time period before the DLI, it may still be relevant. For example, such an opinion may provide information about the progression of functional limitations resulting from an impairment. *See Andersen v. Astrue*, 319 F. App'x 712, 722 (10th Cir. 2009) ("[T]he ALJ's rejection of [the treating source] opinions based on their timing [was] insufficient because the ALJ [too] narrowly construed the relevant evidentiary period. . . . [B]ecause [the plaintiff]'s underlying medical condition was undisputed

---

[6] As to the portion of the opinion about Plaintiff's mental limitations, the ALJ additionally explained that it was "outside of [Dr. Black's] area of expertise." *Id.*

and permanent, the ALJ could [have made] inferences about the progression of [his] impairment, relying on earlier medical evidence."); *Stutsman v. Astrue*, No. CIV-09-142-SPS, 2011 WL 1311709, at *3 (E.D. Okla. Mar. 31, 2011) (unpublished) (finding that evidence of an impairment *after* the termination of insured status "may be relevant to the existence or severity of an impairment arising *before* termination") (quoting *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984)); *see also Rogoff v. Astrue*, No. 10-cv-1041 LAM, [Doc. 27] at 12–14 (D.N.M. 2011) (finding reversible error where the ALJ rejected a treating physician's opinion based solely on its timing (i.e., the opinion was rendered after the DLI)). In this case, there is not substantial evidence to support the ALJ's finding that Dr. Black's opinion is temporally irrelevant.

That leaves only the finding at phase one (that Dr. Black's opinion was "without substantial support from the other evidence of record," Tr. 20). This phase-one finding alone is legally insufficient to reject the treating opinion entirely. *See Krauser v. Astrue*, 638 F.3d 1324, 1330–31 (10th Cir. 2011) (requiring findings at *both* phases in order to reject a treating opinion); *Andersen*, 319 F. App'x at 722 (finding reversible legal error where an ALJ considered only supportability in rejecting a treating opinion). Because there is no sufficient phase-two finding, "remand is required." *Krauser*, 638 F.3d at 1330.

## Conclusion

The ALJ committed reversible error in rejecting Dr. Black's opinion outright. Therefore, the Motion will be granted, and the case will be remanded. Because proper evaluation of Dr. Black's opinion about Plaintiff's physical limitations may necessarily affect the RFC

assessment, and thus determine the outcome of this case, the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supportive Memorandum [Doc. 14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**