**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FRANCINE ROMO,**

     **Plaintiff,**

**v.**                                                                      **No. 14-cv-1037 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act . . . [Doc. 26] ("Motion"), filed on February 12, 2016.  The Commissioner responded on February 26, 2016.  [Doc. 27].  Plaintiff replied on March 10, 2016.  [Doc. 28].  The parties have consented to the undersigned's entering final judgment in this case.  [Doc. 7].  Plaintiff moves the Court for an award of $6,020 in attorney fees and $400 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Doc. 26] at 1.  Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and should be granted.

## Background

The Commissioner denied Plaintiff's application for a period of disability and disability insurance benefits.  *See* Tr. 14.  After exhausting her administrative appeals, Plaintiff timely filed an action in this Court on November 14, 2014.  [Doc. 1].

The Court found that the administrative law judge ("ALJ") had impermissibly rejected the opinion[1] of Plaintiff's treating physiatrist, Dr. Black.  [Doc. 24] at 7–8.  The ALJ rejected Dr. Black's opinion outright for two reasons, each corresponding to one of the two phases of the familiar treating physician analysis.[2]  At the first phase, the ALJ found that Dr. Black's opinion was "without substantial support from the other evidence of record."  Tr. 20.  At the second phase, the ALJ found that Dr. Black's opinion "was rendered well after the period at issue."  *Id.* The Court found that substantial evidence did not support the ALJ's finding that the opinion was not temporally relevant.  [Doc. 24] at 7–8.  Then, the Court found that the lone remaining finding—that the opinion was not supported—was insufficient to reject the treating opinion outright.  *Id.* at 8 (citing *Krauser v. Astrue*, 638 F.3d 1324, 1330–31 (10th Cir. 2011) (requiring findings at *both* phases in order to reject a treating opinion); *Andersen v. Astrue*, 319 F. App'x 712, 722 (10th Cir. 2009) (finding reversible legal error where an ALJ considered only supportability in rejecting a treating opinion)).  Accordingly, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings.  *Id.* at 9.

## Analysis

Plaintiff now requests an award of $6,020 in attorney fees and $400 in costs pursuant to EAJA.  [Doc. 26] at 1.  The Commissioner opposes the Motion because, she argues, her position was substantially justified.  [Doc. 27] at 2–5.

---

[1] Although Dr. Black gave her opinion about Plaintiff's physical and mental limitations, the Court addressed only her opinion as to the physical limitations.  On remand, proper evaluation of Dr. Black's opinion about Plaintiff's physical limitations could have rendered moot the dispute about her mental limitations.  Accordingly, the Court did not address Dr. Black's opinion as to Plaintiff's mental limitations.  [Doc. 24] at 5, n.3.

[2] When properly rejecting a treating physician's opinion, an ALJ must follow two phases.  First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record.  Second, the ALJ must still give deference to the opinion and weigh it according to certain factors.  *E.g., Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); 20 C.F.R. §§ 404.1527, 416.927.

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust.  28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).  Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust.  Their sole disagreement is whether or not the Commissioner's position was substantially justified. [Docs. 26–28].

The Commissioner bears the burden of showing that her position was substantially justified.  *Hackett*, 475 F.3d at 1172.  Her "position" collectively refers to her positions at the administrative level and before the federal courts in a given case.  28 U.S.C. § 2412(d)(2)(D).  EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)).  Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)).  A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that h[er] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

In this case, the Commissioner argues that her position was substantially justified. [Doc. 27] at 2–5. She makes no effort to defend her position as to the second phase of the treating physician analysis. *See id.* Instead, she argues that her position on the first phase was supported by the record and that an adequate first phase finding is sufficient; no second phase finding is required. *Id.* at 4–5 (citing *Jones v. Colvin*, 610 F. App'x 755, 758–59 (10th Cir. 2015); *Tarpley v. Colvin*, 601 F. App'x 641, 644 (10th Cir. 2015)). Her position is, frankly, radical. She is arguing that there is substantial justification for the position that an ALJ may reject a treating physician's opinion outright with only a phase-one finding, and no phase-two finding is needed. *See* [Doc. 27] at 2–5.

Neither of the cases that she cites supports her position. In fact, *Jones* stands in direct contradiction. There, the court reaffirmed that "[c]ertainly, an ALJ must complete both [phases] of the analysis in analyzing a treating physician's opinion." 310 F. App'x at 759. The *Jones* court went on to highlight the ALJ's specific phase-two findings (regarding the physician's

specialty, the length of treatment of the plaintiff, and the frequency of treatment of the plaintiff). *Id.*

*Tarpley* does not help the Commissioner, either.  The dispute in *Tarpley* was not over whether the ALJ was required to complete both phases of the analysis.  The issue in *Tarpley* was whether *Krauser* required the ALJ to explicitly state the amount of weight he assigned to the treating physician's opinion.  601 F. App'x at 643–44.  (It does not.)  Besides, it appears that the ALJ in *Tarpley* did, in fact, complete both phases.  *See id.* at 643 (phase-one finding that the treating opinions were not supported by the doctors' treatment notes and were inconsistent with the record as a whole and phase-two findings that medication alleviates the plaintiff's symptoms, the doctors encouraged the plaintiff to remain active, and the plaintiff had remained active with family and friends).

The Court is not persuaded that the Commissioner's position was substantially justified.  Multiple binding authorities expressly require an ALJ to complete both phases of the treating physician analysis before rejecting a treating physician's opinion outright.  *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927; *Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003); Social Security Ruling 96-2p; *see generally Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003) (explaining the origin and evolution of the treating physician rule, which was formally codified 25 years ago).  The Commissioner was not substantially justified in arguing that the ALJ was not required to complete both phases of the treating physician analysis.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act . . . [Doc. 26] is **GRANTED**, and Plaintiff Francine Romo is authorized to receive $6,020 for payment to her

attorney for services before this Court and $400 in costs as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

      **IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

      **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**